THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD FRISCO (Impleaded), Defendant-Appellant.

(No. 56497;

First District—April 13, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Justine Knipper and Shelvin Singer, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and James E. Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant was found guilty of the crime of attempted escape after a trial by a jury, and was sentenced to from four to five years in the Illinois State Penitentiary. In this appeal he argues that he was denied due process when the State was allowed to amend its list of witnesses to include three new names on the day of trial, that he was denied his right to a public trial guaranteed by the Sixth Amendment when the court bailiffs locked the courtroom door while the jury was being selected, and that a model of the Cook County Jail which was used by the State at trial was improperly admitted in that it did not accurately represent the jail.

We affirm.

This matter was first tried in January of 1969, but the trial resulted in a mistrial due to a hung jury. Immediately thereafter the case was transferred to the presiding judge of the criminal court who held it until February 3, 1969. The case was then transferred to a trial judge who continued the case to February 19, 1969. On that day the case was called

for trial, and the State moved to amend its list of witnesses by adding three names. Defense counsel objected to the amendment, but refrained from seeking a continuance. The trial judge assured counsel of adequate opportunity to interview the new witnesses, one of whom did not testify and another of whom testified at the first trial.

 It is upon these facts that defendant argues that he was denied due process. It is within the discretion of the trial court to allow a previously unlisted witness to testify at trial, and we will find an abuse of this discretion only when the record demonstrates surprise or prejudice to the defendant. (*People v. Jordan* (1967), 38 Ill.2d 83, 230 N.E.2d 161.) We find no such abuse of discretion in the case before us. The matter had been tried previously, and counsel was aware of the issues having represented defendant at the previous trial. The trial judge assured counsel of adequate opportunity to interview the witnesses prior to their being called to testify. Furthermore, counsel's failure to seek a continuance is not consistent with his argument that he was surprised or prejudiced by the addition of witnesses. These facts, in conjunction with our review of the trial record, demonstrate that neither the trial judge abused his discretion in allowing the amended list of witnesses, nor was defendant denied effective assistance of counsel. See *People v. Jordan, supra.*

 Defendant next argues that he was deprived of his right to a public trial guaranteed to him under the Sixth Amendment to the United States Constitution. This argument arises out of the fact that upon returning from lunch on the day of jury selection, defendant's counsel noted that the courtroom doors were locked and that prospective jurors could only gain access by knocking and being admitted by a bailiff. Defense counsel immediately moved for a mistrial, and the trial judge conducted a hearing on that motion out of the presence of the jury. A bailiff testified at the hearing that he was instructed to take these extreme security measures by his superiors who informed him that defendant had perpetrated one escape and attempted another. The judge denied the motion for mistrial and ordered the courtroom immediately opened. It remained open for the duration of the trial. Although defendant asserted that a violation of his Sixth Amendment right to a public trial arises out of these circumstances, the bulk of his argument addresses itself to the prejudice which the locked courtroom might have raised in the minds of jurors who were summoned to try an attempt escape case. We will not assume prejudice in the minds of jurors in this instance. Nowhere does it appear that the jurors considered the morning courtroom procedures unusual. Furthermore, any possible prejudice arising from these facts was easily dispelled when the courtroom door was opened and remained

open for the duration of the trial. Finally, these facts do not approach the "general indiscriminate exclusion of the public from the trial of a criminal case * * *" which is necessary for a defendant to be denied his constitutional right to a public trial. *United States v. Kobli* (3rd C.A. 1949), 172 F.2d 919 at 923; *People v. Dronso* (1967), 83 Ill.App.2d 59, 226 N.E.2d 460.

■■■ Defendant's final argument is that a model of the Cook County Jail was improperly admitted into evidence in that there were certain discrepancies between the model and the jail as it existed at the time that the alleged offense was committed. Evidence of this type is properly admissible to show a particular situation, to explain the testimony of a witness, and to enable the jury to apply the testimony more intelligently to the facts sworn. (*Department of Public Works v. Chicago Title & Trust Co.* (1951), 408 Ill. 41, 95 N.E.2d 903, U.S. *cert.* den. 341 U.S. 931.) Although there were some discrepancies between the model and the jail, they were minor, and the State's witnesses clearly explained them over the entire course of the trial. The real issue is whether the jurors more easily understood the testimony of the witnesses due to the presence of the model. After reviewing the record, we believe that they did. Furthermore, defendant had ample opportunity to point out deficiencies in the model, and if there was any doubt as to the actual condition of the jail, this doubt was removed when the jury, by stipulation of the parties, toured the relevant sections of the jail itself.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.